IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOUSHAWN ROBINSON, #300-355 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-10-2848 |
| NURSE AARON BEIHOUSE | * | |
| Health Care Services of CMS and | | |
| OFFICER T. SCIENCE, COII | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

The Court construed inmate Loushawn Robinson's ("Robinson") complaint that his insulin was improperly administered to him as a motion for emergency injunctive relief. The Maryland Attorney General has responded. For the following reasons, the court finds that emergency injunctive relief is unwarranted and the motion will be denied. Robinson will be granted twenty-eight days to inform the court whether he wants to supplement and continue consideration of his claim or withdraw this case from further consideration.

I. BACKGROUND

Robinson, an inmate at the Roxbury Correctional Institution ("RCI") who is proceeding pro se, claims that while he was on segregation status, a nurse required him to stick his arm through the feed-up slot in his cell door for his insulin injection and he was unable to see the nurse draw the medicine from the vial. He apparently surmised the shot was improperly administered. Counsel has filed a response indicating that Robinson is no longer on disciplinary segregation status, and moves for dismissal of the motion as moot. ECF No. 6, Exhibit 2. Counsel further notes that Robinson complains of a single incident, and that incident was investigated pursuant to Administrative Remedy Procedure Request No. RCI-0757-10. ECF No. 6, Exhibit 3, p. 1. The investigation concluded that the insulin was administered appropriately and in accordance with acceptable clinical standards, and dismissed the ARP as moot. ECF No. 6, Exhibit 3, p. 1.

The investigation report noted that on June 21, 2010, Robinson was escorted to the medical room. Nurse Aaron Beinhower[1] believed that he did not have Robinson's insulin with him. ECF No. 6, Exhibit 3, p. 3 and 5. Nurse Beinhower told Robinson that he would return to the clinic to find the medication and bring it back to his housing unit. *Id.* As he was preparing to return to the clinic, Nurse Beinhower found the insulin in the medication cart and asked a correctional officer to bring Robinson back to the medical room. The officer, however, asked Beinhower to administer the medication to Robinson on the tier, and Beinhower complied, drawing the medication and injecting Robinson through the slot in cell door. ECF No. 6, Exhibit 3, pp. 3 and 5. The ARP investigation determined Robinson's health and safety were not compromised because Beinhower followed the "7 rights of medication in administering the inmate's insulin: 1. Right drug, 2. Right patient, 3. Right dose, 4. Right time, 5. Right route, 6. Right reason & 7. Right documentation." At no time did the inmate ask the nurse to redraw the medication or asked [sic] to be taken to the medical room to have it administered." ECF No. 6, Exhibit 3, p. 4.

## II. STANDARD OF REVIEW

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, __ U.S. __, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

---

[1] Robinson appears to have misspelled defendant Aaron Beinhower's name in the Motion. The Court will direct the Clerk to amend the docket to reflect the correct spelling.

Robinson fails to establish that he is likely to suffer irreparable harm without emergency injunctive relief, and the motion for injunctive relief will be denied. His claim has been investigated. This was a one-time administration of medication on the segregation tier. Robinson neither alleges nor provides evidence of continuing circumstances. Robinson is no longer on segregation status and has returned to the general prison population.

## III.     CONCLUSION

Robinson fails to demonstrate that he is likely to suffer irreparable harm without emergency injunctive relief. Accordingly, the extraordinary and drastic remedy provided by a preliminary injunction is unwarranted and shall be denied. Robinson will be granted twenty-eight days to inform the court whether he wants to supplement and continue consideration of his claims or withdraw this case from further consideration. A separate order follows.


Date:   December 3, 2010

DEBORAH K. CHASANOW
United States District Judge